RUSSELL STORY V. THE STATE.

No. 16507. Delivered March 14, 1934.
Reported in 69 S. W. (2d) 414.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is adultery; the punishment, a fine of one hundred dollars.

It was charged in the complaint, in substance, that appellant, a man, and Dollie Zanders, a woman, on or about the 10th day of February, A. D., 1933, in Somervell County, unlawfully lived together and had carnal intercourse with each other, the said Dollie Zanders then and there being lawfully married to

another person then living. The information failed to charge that appellant and Dollie Zanders unlawfully lived together. However, it was alleged in the information that appellant "did then and there have carnal intercourse with the said Dollie Zanders, she being then and there lawfully married to another person then living, to-wit: Alfred H. Zanders."

Article 499, P. C., reads as follows: " 'Adultery' is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman when either is lawfully married to some other person."

The statute defines two phases of the offense, one of which is the living together and carnal intercourse with each other, and the other the habitual carnal intercourse with each other without living together. Of course, in each case one of the parties must be lawfully married to some other person. Manifestly, the complaint charges the phase first mentioned, that is, the living together and carnal intercourse with each other. To charge the second phase of the offense it must be alleged that the parties had habitual carnal intercourse with each other without living together. Branch's Annotated Penal Code, sec. 1044. The information, in failing to charge that the parties lived together, is at variance with the complaint which, as already pointed out, charged the first phase of the offense. If the complaint had charged adultery by having habitual carnal intercourse, the allegations in the information before us would be insufficient to charge such phase of the offense, as there is no averment that the carnal intercourse was habitual, and no allegation that the parties did not live together.

In view of another trial, it is suggested that inasmuch as it is indicated in the present record that the county attorney was permitted to amend the complaint in a matter of substance, a new complaint should be filed. Manifestly, a new information will be required.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.